621 S.E.2d 359

**In the Matter of C. Craig YOUNG, Respondent.**

**No. 26055.**

Supreme Court of South Carolina.

Submitted Sept. 27, 2005.

Decided Oct. 24, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

On or about July 29, 2003, at the behest of his client, respondent sent a letter offering to settle litigation between his client and another individual. The settlement proposal threatened criminal prosecution to gain an advantage in the civil matter; it offered not to pursue criminal charges as part of the settlement. The proposal mischaracterized part of the proposed settlement payment as a gift. Respondent did not receive a response to the proposal and the litigation proceeded.

Respondent represents that he suffers from anxiety and was prescribed medication by a physician on an "as needed" basis in 1994. Respondent represents that, as his anxiety increased, his usage of the prescription medication also increased. Respondent asserts he became addicted to the prescription medication and was suffering from this addiction at the time he sent the settlement proposal.[1] Respondent states that, due to his anxiety and addiction, he did not fully appreciate the consequences of portions of the settlement proposal at the time it was made, but he now acknowledges the ramifications.

Respondent represents he has voluntarily sought help for his addiction. He states he has completed a detoxification program and has continued in an after-care program that includes intense weekly therapy and attendance at Narcotics Anonymous. Respondent represents he no longed takes the prescription medicine to which he had become addicted. He has entered into a contract with Lawyers Helping Lawyers and is working with a mentor in that program.

Respondent was admitted to the South Carolina Bar in 1991. He has no prior disciplinary history. Respondent has fully cooperated with ODC.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (lawyer shall not assist client by participating in conduct which violates Rules of Professional Conduct); Rule 4.5 (lawyer shall not threaten to present

---

1. Respondent was not addicted to illegal drugs.

criminal charges solely to obtain an advantage in a civil matter); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).[2] Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); and 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

**2.** Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.